IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**STEPHEN U.,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-474**       (Cir. Ct. of Kanawha Cnty. Case No. CC-20-2025-C-757)

**MATTHEW WICKERT, in his Official Capacity**
**as the State Registrar for Vital Statistics,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Stephen U.[1] appeals the Circuit Court of Kanawha County's December 3, 2025, order granting the motion to dismiss filed by Respondent Matthew Wickert, in his Official Capacity as the State Registrar for Vital Statistics. Respondent filed a response.[2] Petitioner filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision, but no substantial question of law. For these reasons, a memorandum decision affirming, in part, and vacating, in part, the circuit court's order and remanding this matter to the circuit court is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

This appeal represents another attempt by petitioner to be declared the biological mother of petitioner's children on their birth certificates pursuant to West Virginia Code § 16-5-10(e) (2006).[3] In prior appeals, the Court has noted petitioner's earlier failed appeals

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 256 n.1, 773 S.E.2d 20, 22 n.1 (2015); *Melinda H. v. William R., II*, 230 W. Va. 731, 733 n.1, 742 S.E.2d 419, 421 n.1 (2013); *State v. Brandon B.*, 218 W. Va. 324, 326 n.3, 624 S.E.2d 761, 763 n.3 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Petitioner is self-represented. Respondent is represented by Attorney General John B. McCuskey, Esq., and Deputy Attorney General Steven R. Compton, Esq.

[3] We note that although this provision was not substantively affected by the recent amendments to West Virginia Code § 16-5-10 (2024), we refer to the former version of the statute because it was in effect at the time the birth certificates were issued.

1

related to this issue in our state's appellate courts. *See, e.g.*, *Stephen U. v. Caren J.*, Nos. 25-ICA-56 and -57, 2025 WL 2491183, at *2 (W. Va. Ct. App. Aug. 29, 2025) (memorandum decision) (collecting cases). In the present case, petitioner's requested relief below remains the same; however, the issues on appeal present new matters not addressed in any of petitioner's prior appeals. Specifically, petitioner's substantive claims rely on newly enacted legislation, and the circuit court granted respondent's motion to dismiss in part based on respondent's assertion that he did not receive the required statutory pre-suit notice. With that distinction in mind, the facts of the case are as follows.

On June 9, 2025, Article 32, Chapter 5 of the West Virginia Code took effect. *See* W. Va. Code §§ 5-32-1 to -9. The stated purpose of the legislation is to, among other things, define the terms *sex*, *male*, and *female* under state law. *See generally* W. Va. Code § 5-32-1 (2025). The legislation also seeks to promote the accurate collection of sex-based vital statistics. *See* W. Va Code § 5-32-8 (2025). Relying on this legislation, petitioner filed a complaint against respondent in circuit court on June 24, 2025. The complaint alleged that the statutory definitions provided by West Virginia Code § 5-32-3 (2025) for the terms *woman*, *mother*, *father*, *female*, *male*, and *sex*, along with the language of West Virginia Code § 5-32-8, require respondent to amend the birth certificates of petitioner's children to comply with specific statutes and regulations and recognize petitioner as their biological mother. *See* W. Va. Code §§ 16-5-10(b) and (g); W. Va. Code R. § 64-32-12.2.4 (2025).[4] Thus, the complaint sought a declaration that respondent's rules and regulations violated the constitutional rights of both petitioner and petitioner's children.

In lieu of filing an answer, respondent filed a motion to dismiss the complaint arguing that the circuit court lacked subject matter jurisdiction because petitioner failed to comply with the pre-suit notice requirements established by the provisions of West Virginia Code § 55-17-3 (2022), and that petitioner's complaint was barred by res judicata.[5] Petitioner filed a response opposing the motion.

Thereafter, the court entered its order granting respondent's motion on both pre-suit notice and res judicata grounds. Regarding pre-suit notice, the court summarily concluded that petitioner failed to comply with the required statutory provisions and expressly stated that this failure deprived the court of subject matter jurisdiction, leaving it no choice but to dismiss the case from its docket. The court further observed that, generally, the lack of pre-suit notice requires dismissal without prejudice, which would ordinarily allow a

---

[4] Prior to the 2025 amendments, this subsection of the regulation was identified as W. Va. Code R. § 64-32-12.2.d. The regulation's language is unchanged.

[5] The motion to dismiss was not provided to the Court in the appellate record. However, the order on appeal states that those were the grounds raised by respondent.

plaintiff to provide proper notice and refile the complaint. However, the court determined that a different result was warranted here because permitting petitioner to refile would serve no purpose, as the action was clearly barred by res judicata.

To support its conclusion, the court conducted a res judicata analysis and found that petitioner sought the same relief, amendment of the children's birth certificates, that both state and federal courts had already addressed on the merits. The court then dismissed the case with prejudice. It also summarily declared petitioner a vexatious litigant and imposed a filing injunction prohibiting petitioner from filing future actions without counsel.

This appeal followed. When reviewing a circuit court's order granting a motion to dismiss, this Court applies a de novo standard of review. *Folse v. Rollyson*, 249 W. Va. 389, 393, 895 S.E.2d 244, 248 (Ct. App. 2023).

On appeal, petitioner raises three arguments. Petitioner's first argument contends that the circuit court incorrectly concluded that the complaint was subject to the pre-suit notice provisions of West Virginia Code § 55-17-3. Petitioner argues that notice was not required because the complaint does not seek a *judgment* as defined by the new legislation. *See* W. Va. Code § 55-17-2(3) (2002). As such, petitioner maintains that the circuit court erred in concluding it lacked subject matter jurisdiction and dismissing the complaint on that basis. We disagree with petitioner and upon review, find that the circuit court properly determined that it lacked subject matter jurisdiction over the complaint. Syl. Pt. 2, *In re K.A.*, 251 W. Va. 626, 915 S.E.2d 520 (2025) ("Whether a circuit court has subject-matter jurisdiction is an issue of law reviewed *de novo*.").

Under the new legislation, the plain language of West Virginia Code § 55-17-3(a)(1) states in relevant part that pre-suit notice is required "prior to the institution of an action against a governmental agency." Further, the terms *action* and *government agency* are defined by West Virginia Code § 55-17-2 as follows:

> (1) "Action" means a proceeding instituted against a governmental agency in a circuit court or in the Supreme Court of Appeals, except actions instituted pursuant to statutory provisions that authorize a specific procedure for appeal or similar method of obtaining relief from the ruling of an administrative agency and actions instituted to appeal or otherwise seek relief from a criminal conviction, including, but not limited to, actions to obtain habeas corpus relief.

> (2) "Government agency" means a Constitutional officer or other public official named as a defendant or respondent in his or her official capacity, or a department, division, bureau, board, commission or other agency or instrumentality within the executive branch of state government that has the capacity to sue or be sued[.]

3

We find these definitions to be clear and unambiguous. We note that the operative language of West Virginia Code § 55-17-3(a)(1) excludes any reference to the term *judgment*. Instead, the legislation uses the term only once in the context of filing litigation, and that usage demonstrates that judgments are to be treated as actions. *See* W. Va. Code § 55-17-3(b)(1), in part ("in an action instituted against a governmental agency that seeks a judgment. . . ."). Thus, based on these clear statutory provisions, we conclude that West Virginia Code § 55-17-3(a)(1) applies broadly and that petitioner's complaint falls within the category of actions contemplated by the statute. Accordingly, pre-suit notice to respondent was required. Therefore, the circuit court did not err in its determination that it lacked subject matter jurisdiction over the complaint due to petitioner's failure to provide the required pre-suit notice. *See* Syl. Pt. 3, *Motto v. CSX Transp., Inc.*, 220 W. Va. 412, 647 S.E.2d 848 (2007) (holding that the pre-suit notice requirement of West Virginia Code § 55-17-3(a)(1) is jurisdictional).

Petitioner's second argument asserts that the circuit court erroneously applied res judicata to the complaint. Petitioner's third argument challenges the court's finding that petitioner is a vexatious litigant and its imposition of sanctions in the form of a filing injunction. However, we need not address petitioner's specific arguments on either issue to determine that the circuit court committed error. Rather, upon review, we conclude that because the circuit court determined it lacked subject matter jurisdiction over the complaint, it abused its discretion by ruling on the remaining matters.

Precedent dictates that when a court determines it lacks subject matter jurisdiction it has no authority to take further action and must dismiss the complaint. *See* Syl. Pt. 1, *Hinkle v. Bauer Lumber & Bldg. Ctr., Inc.*, 158 W. Va. 492, 211 S.E.2d 705 (1975) ("Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket."); *see also* W. Va. R. Civ. P. 12(h)(3), in part ("If the court determines at any time that it lacks subject-matter jurisdiction, the court shall dismiss the action."). In this case, the court failed to follow established precedent. Instead of simply dismissing the complaint solely on the issue of pre-suit notice, the court undertook an analysis of respondent's res judicata argument and, based on that analysis, dismissed the complaint with prejudice; it further found petitioner to be a vexatious litigant and imposed a filing injunction. However, the law clearly states that once a court determines it lacks subject matter jurisdiction, it must not undertake any further legal analysis. Thus, we conclude that these determinations exceeded the circuit court's authority and must be vacated. *Hinkle*, 158 W. Va. at 493, 211 S.E.2d at 706, syl. pt. 3 ("In the exercise of appellate jurisdiction, this Court will reverse a trial court which exceeds its lawful jurisdiction."). The matter must also be remanded to the circuit court for entry of a new order, dismissing the complaint without prejudice. *See Tanner v. Raybuck*, 246 W. Va. 361, 368, 873 S.E.2d 892, 899

4

(2022) (citation modified) ("A dismissal for lack of jurisdiction is not considered an adjudication on the merits and is therefore generally a dismissal without prejudice.").[6]

Accordingly, based on the foregoing, the circuit court's December 3, 2025, order is affirmed in part and vacated in part. We affirm the circuit court's determination that it lacked subject matter jurisdiction over the complaint due to petitioner's failure to provide respondent with the pre-suit notice required by West Virginia Code § 55-17-3. However, we vacate the remainder of the circuit court's order, including its determinations that res judicata applied, that petitioner is a vexatious litigant, and that a filing-injunction sanction was warranted. We further remand this case to the circuit court for entry of an amended order granting respondent's motion solely on pre-suit-notice grounds and dismissing the case without prejudice.

Affirmed in part, Vacated in part, and Remanded.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[6] The Court acknowledges that existing case law does not foreclose a court from dismissing a matter with prejudice based on the failure to provide pre-suit notice. However, when the order on appeal is read in its entirety, it appears that the court's decision to dismiss petitioner's complaint with prejudice was predicated upon its consideration of respondent's res judicata argument. As discussed above, the court improperly addressed res judicata because pre-suit notice was not given and, therefore, it lacked subject matter jurisdiction over the merits of the action. Therefore, the circuit court should have dismissed this case without prejudice.